**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ELIE FARHAT,

    Plaintiff,

v.                                          Case No:  6:15-cv-1433-Orl-40KRS

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, et al.,

    Defendants.

## ORDER

This cause comes before the Court on the parties' cross motions for summary judgment (Docs. 19, 20), filed August 15, 2016.  The parties have completed their briefing and the Court is otherwise fully advised on the premises.  Upon consideration and after a thorough review of the record, the Court will enter judgment in favor of Plaintiff.

**I.   BACKGROUND**

The facts of this case are not in dispute.  Plaintiff, Elie Farhat ("Farhat"), was born in Lebanon and is a citizen of France.  Farhat is married to Taria Farhat, who is a United States citizen.  On September 23, 2014, Taria Farhat filed a Form I-130, Petition for Alien Relative with the United States Citizenship and Immigration Services ("USCIS") on Farhat's behalf, seeking to classify Farhat as an "immediate relative" as a spouse of a United States citizen (the "I-130 Petition").  (AR 80–87).[1]  At the same time, Farhat filed a Form I-485, Application to Register Permanent Residence or Adjust Status with USCIS, seeking to adjust his immigration status to lawful permanent resident (the "I-485

---

[1] The Court cites to the Administrative Record as (AR ##).

Application"). (AR 27–32). USCIS ultimately approved Taria Farhat's I-130 Petition. (AR 80).

In furtherance of his I-485 Application, Farhat attended a personal interview at USCIS's Jacksonville, Florida field office on January 15, 2015. At the interview, Farhat disclosed that he had been arrested in France in April 2010, prior to his initial arrival to the United States. Following this revelation, USCIS issued a Request for Evidence ("RFE") asking Farhat to provide additional information regarding his arrest. (AR 11–12). Specifically, USCIS requested certified copies of all police reports relating to the arrest, certified copies of all court documents relating to the disposition of the arrest, and a signed letter explaining in detail the circumstances surrounding the arrest. (*Id.*).

On April 3, 2015, Farhat, through his attorney, responded to the RFE. (AR 13–24). In his response, Farhat explained that he was arrested on April 12, 2010 in Paris, France on four pimping-related charges. (AR 13). Farhat further disclosed that he was convicted of all four charges on January 30, 2014 and was sentenced to a one-year term of imprisonment (six months of which were suspended), but that he was in the process of appealing his convictions. (*Id.*). Farhat attached to his response a copy of the relevant police report and information regarding his appeal. (AR 16–24). Farhat also requested additional time to provide other documentation in response to the RFE. (AR 14).

On April 30, 2015, USCIS denied Farhat's I-485 Application. (AR 6–10). In its decision letter to Farhat, USCIS cited 8 C.F.R. §§ 103.2(b)(11) and (12) as the legal grounds warranting denial. (AR 7).

Farhat thereafter initiated this action on September 2, 2015 by filing a Complaint for Issuance of Writ of Mandamus. Farhat asserts that USCIS failed to properly adjudicate

2

his Form I-485 Application. Specifically, Farhat contends that USCIS never actually determined that he was inadmissible under the U.S. immigration laws as required by the governing statutes and regulations, never gave him notice that his I-485 Application would be denied, and never gave him an opportunity to respond to the reasons for denial. Farhat also objects to USCIS's failure to provide him with an opportunity to apply for a waiver of inadmissibility, which would have allowed USCIS to grant the I-485 Application notwithstanding the fact that Farhat might be ineligible to enter the country. Farhat asks this Court to review USCIS's decision and to compel USCIS to properly adjudicate his I-485 Application.

## II. STANDARD OF REVIEW

Farhat brings this action pursuant to the Administrative Procedure Act ("APA").[2] Under the APA, district courts review agency action using the "arbitrary and capricious" standard. *Sierra Club v. U.S. Army Corps of Eng'rs*, 295 F.3d 1209, 1216 (11th Cir. 2002). This standard does not require the agency to have taken the best or most reasonable action and does not permit the district court to review the agency's action with the benefit of hindsight. *Druid Hills Civic Ass'n v. Fed. Highway Admin.*, 772 F.2d 700, 708–09 (11th Cir. 1985). Rather, the agency's action need only be a rational one which it selected by

---

[2] Farhat also brings this action pursuant to the Mandamus and Venue Act, which authorizes a district court to issue a writ of mandamus compelling agency action where the agency "owes the plaintiff a 'clear nondiscretionary duty' and the plaintiff has 'exhausted all other avenues of relief.'" *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1268 (11th Cir. 2011) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). However, the remedy of mandamus is only available where no other adequate remedy exists. *Id.* Since the APA provides an adequate remedy to Farhat should he prevail in this case—a mandatory injunction compelling USCIS to properly adjudicate his I-485 Application—the Court confines its review to the standards set forth in the APA. *See id.* (citing 5 U.S.C. § 703).

following its established decision-making procedure. *See id.* A district court may therefore only set aside an agency's action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [or found to be] without observance of procedure required by law." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008) (quoting 5 U.S.C. § 706(2)). "This standard is exceedingly deferential [to the agency's decision]." *Id.*

## III. DISCUSSION

An alien who applies for an adjustment of status to permanent legal resident must take three steps: (1) file an application to adjust his status, (2) demonstrate that he is eligible for the adjustment of status, and (3) show that a permanent visa is immediately available. 8 U.S.C. § 1255(a). "Once an application is filed, the ultimate decision as to whether that application is granted is left to the discretion of the Attorney General, who also has authority to promulgate regulations governing the adjustment of status process." *Si Min Cen v. U.S. Attorney General*, 825 F.3d 177, 181 (3d Cir. 2016).

To that end, the Attorney General has promulgated an extensive regulatory framework governing the adjustment of status process. Important to this case, USCIS may, after receiving all required initial evidence in support of the application, "request more information or evidence from the applicant or petitioner," commonly in the form of an RFE. 8 C.F.R. § 103.2(b)(8)(iii). Once USCIS issues an RFE, there are four possible ways to respond to the RFE. First, the applicant may "submit a complete response containing all requested information." *Id.* § 103.2(b)(11). Second, the applicant may "submit a partial response" which does not provide all of the information requested. *Id.*

Third, the applicant may withdraw the application. *Id.* And fourth, the applicant may not respond to the RFE at all. *Id.* § 103.2(b)(13).

An application for adjustment of status "shall be denied where evidence submitted in response to a[n] [RFE] does not establish filing eligibility at the time the [application] was filed." *Id.* § 103.2(b)(12). Similarly, an application for adjustment of status "may be summarily denied as abandoned, denied based on the record, or denied for both reasons" if the applicant fails or refuses to respond to an RFE. *Id.* § 103.2(b)(13)(i). If USCIS denies an application for adjustment of status, USCIS "shall explain in writing the specific reasons for denial." *Id.* § 103.3(a)(1)(i).

In this case, USCIS failed to follow the law when it denied Farhat's I-485 Application without articulating a specific reason for the denial. In its decision letter to Farhat, USCIS states in conclusory fashion that Farhat's partial response to the RFE "[was] insufficient to establish [his] eligibility for adjustment." (AR 7). However, USCIS never explains what the insufficiency was or why Farhat was not eligible for adjustment. This failure departs from the clear requirement that USCIS "explain in writing the *specific* reasons for denial." 8 C.F.R. § 103.3(a)(1)(i) (emphasis added).

USCIS's citation to 8 C.F.R. §§ 103.2(b)(11) and (12) in its decision letter do not help its case, as neither regulation provides a specific reason for finding Farhat ineligible for an adjustment of status. Section 103.2(b)(12) merely authorizes USCIS to deny an application where evidence submitted in response to an RFE fails to demonstrate that the applicant is eligible for the benefit he seeks. And § 103.2(b)(11) does not even relate to the decision to grant or deny an application, but simply explains three of the four ways an applicant may respond to an RFE. Finally, to the extent USCIS's decision letter could be

interpreted as denying Farhat's I-485 Application due to Farhat's failure to fully respond to the RFE, this reason is not a legally cognizable ground for denial. *See* 8 C.F.R. § 103.2(b)(11) ("Submission of only some of the requested evidence [in response to an RFE] will be considered a request for a decision on the record."). In sum, USCIS provided no specific reason for denying Farhat's I-485 Application, in contravention of 8 C.F.R. § 103.3(a)(1)(i).

In a bold attempt to convince this Court that USCIS's decision followed the law, counsel for Defendants, Hans H. Chen, relies heavily on the undersigned's order in *Gupta v. U.S. Attorney General*, No. 6:13-cv-1027-Orl-40KRS, 2015 WL 5687829 (M.D. Fla. Sept. 25, 2015). Mr. Chen cites *Gupta* for the proposition that 8 C.F.R. § 103.2(b)(12) can serve "as a legitimate basis for denying an adjustment of status application, independent of inadmissibility grounds." (Doc. 22, p. 9). However, Mr. Chen mischaracterizes the holding in *Gupta*. In that case, while the undersigned found that USCIS acted properly when it denied an I-130 petition pursuant to § 103.2(b)(12), it was because USCIS provided the petitioner with a specific reason justifying the denial. Indeed, USCIS twice notified the petitioner in *Gupta* that it was going to deny her I-130 petition because USCIS had credible evidence indicating that she and her I-485 applicant-spouse had engaged in marriage fraud, and USCIS subsequently referred to that reason in its decision letter to the petitioner. *Gupta*, 2015 WL 5687829, at *2, *9. In stark contrast to the facts in *Gupta*, however, USCIS articulated no specific reason in this case for denying Farhat's I-485 Application.[3]

---

[3] Mr. Chen's mischaracterization of the holding in *Gupta* is alarming, especially considering his position as Senior Litigation Counsel for the U.S. Department of Justice.

## IV. CONCLUSION

Having found that USCIS failed to follow the law when it denied Farhat's I-485 Application, the Court will vacate USCIS's decision and compel the agency to properly adjudicate Farhat's I-485 Application. It is therefore **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 20) is **GRANTED** and Defendants' Motion for Summary Judgment (Doc. 19) is **DENIED**.

2. The Clerk of Court is **DIRECTED** to enter the following Judgment:

   > Judgment is entered in favor of Plaintiff and against Defendants. The April 30, 2015 decision of the United States Citizenship and Immigration Services (Administrative Record pp. 6–7) is **VACATED**. Defendants are **ORDERED** to re-open and properly adjudicate Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status. Plaintiff shall recover from Defendants all attorney's fees, costs, and interest available to him under prevailing law, for which sum let execution issue.

3. The Clerk of Court is thereafter **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on March 1, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

7